CV 17 - 3861

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KUNTZ, J.
MANN, M.J.

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, THE STATE OF NEW YORK *ex rel.*, CARLOS FERNANDEZ,<br><br>*Plaintiffs*,<br><br>-against-<br><br>HOFGUR, LLC d/b/a QUEENS ADULT CARE CENTER, and GEFEN SENIOR CARE GROUP,<br><br>*Defendants*. | 17 CV ___<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Carlos Fernandez brings this qui tam action as Relator on behalf of the United States and the State of New York against Hofgur, LLC d/b/a/ Queens Adult Care Center ("QACC") and Gefen Senior Care Group ("Hofgur" or "Defendant"), under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, and the New York False Claims Act, N.Y. State Fin. Law § 187, *et seq.*, and alleges upon knowledge with respect to his own acts and those he personally witnessed, and upon information and belief with respect to all other matters as follows:

## INTRODUCTION

1. This action asserts that Hofgur defrauded the United States with an ongoing scheme to misdirect social security checks ("SS Checks") made directly from the Social Security Administration to Hofgur residents to Defendants for their own personal use and benefit.

2. Hofgur further defrauded the United States by extracting usurious interest rates from the residents' SS Checks in connection with loans that carried 100% interest made by Hofgur staff to the residents.

3. To further Hofgur's fraudulent schemes, its staff and management instructed its low-level employees, particularly new hires who do not speak English, to sign receipt forms using the names of residents whose SS Checks were being converted and misdirected for personal use by Hofgur staff and management and on information and belief Hofgur continues to misdirect the SS Checks for personal enrichment and has defrauded its records to show otherwise.

4. Relator Fernandez was employed by Hofgur at defendant, Queens Adult Care Center ("QACC"), as a janitor from on or about January of 2010 until on or about September 20, 2015. He witnessed firsthand how Hofgur knowingly falsified its SS Check receipts in the name of residents who never received their SS Check and in other instances has personal knowledge that Hofgur management and staff subtracted money from residents' SS Checks plus 100% interest in connection with money loans to the residents and in doing so misrepresented to the government that it was legitimately distributing government funds when instead it was misdirecting the funds for illicit purposes.

5. Relator Fernandez brings this case on behalf of the United States and the State of New York to recover money from the Social Security Administration for the use and benefit of its residents that Hofgur through the actions of its staff and management fraudulent misdirected from its residents for personal use and other illicit gains and for all associated penalties and to stop Hofgur from continuing its illicit and fraudulent schemes.

## PARTIES

6. Relator Carlos Fernandez is a native of Peru and US citizen who resides in Queens, NY and was employed as a janitor by Hofgur at defendant, QACC.

7. Defendant Hofgur LLC d/b/a Queens Adult Care Center ("QACC"), upon information and belief, is a New York corporation with a principal business office located at 80-08 45th Avenue, Elmhurst, New York 11373.

8. Defendant Gefen Senior Care Group ("Gefen"), upon information and belief, is a New York business with a principal place of business located at 2830 Pitkin Boulevard, Brooklyn, New York 11208. In addition to QACC, it owns four other assisted care facilities throughout New York City.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case is brought under the False Claims Act, 31 U.S.C. § 3729 *et seq.* This Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. § 1367 because they are so related to the claim in the action within the Court's jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this District and because a substantial part of the acts/omissions giving rise to the claims herein occurred in this District.

## THE FACTS

11. QACC is an adult care facility that has accommodation for about 350 residents.

12. A significant number of QACC's residents suffer from age-related and/or mental, physical and/or addiction problems.

13. Further, many of QACC's residents have no family members who visit or

3

otherwise help the resident manage his or her finances, or supervise the resident's quality of life at QACC.

14. The sole income of many of these infirm and isolated residents comes from SS Checks.

15. During Fernandez' employment at QACC, from on or about January of 2010 until on or about September 20, 2015, Fernandez had direct and independent knowledge that his supervisor, Mr. Helmer Sanchez, asked employees, usually new workers who had limited or no facility with written or spoken English, to sign the names of QACC residents on authorizations or receipts for SS Checks indicating that the checks had been delivered to the resident.

16. Fernandez and another employee, Mr. Rafael Toribio, who does not speak English, signed such documents in early 2010.

17. However, the SS Checks were not being delivered to the residents; instead the money was shared among Mr. George Yutsovich, QACC's Food Service Manager, Mr. Michael Yunger, QACC's HCS Coordinator/Offices Manager, and Mr. Sanchez.

18. Irina Chernova, who worked in the QACC's finance office until June 2015, and Isabel [Last name unknown] who replaced her, were also part of the fraudulent conversion of the SS Checks.

19. If the residents complained about not receiving their checks, Irina or Isabel would show them the signed form with the fraudulent, forged signatures indicating that the resident had already signed for and received his or her SS Check.

20. Fernandez has direct and independent knowledge that this fraud was committed weekly against at least 20 residents at a time throughout his employment.

21. Fernandez also has direct and independent knowledge of another form of fraud in

4

connection with the residents' SS Checks in the form of unlawful usury.

22. Mr. George Yutsovich engaged two QACC employees, a handyman and a kitchen worker both from Guyana.

23. These employees would lend money to residents and make a list of the loans, which Mr. Yutsovich submitted to Irina or Isabel.

24. When the residents' SS Checks would arrive, Irina or Isabel would deduct the amount of the loan plus 100% interest from those residents with such outstanding loans from each such resident's SS Check.

25. Fernandez witnessed QACC employees making these loans on numerous occasions and on or about October 2011, Fernandez asked approximately three (3) residents whether they paid 100% interest for loans from their SS Checks, and they confirmed that they did.

26. Fernandez reported these frauds to the Social Security Fraud Hotline by letter dated November 14, 2016. A true and correct copy of the letter is attached hereto as Exhibit A.

### FIRST CLAIM FOR RELIEF
### (Defendant's Violation of the Federal False Claims Act)

27. Relator repeats and realleges the allegations set forth above as if fully set forth herein.

28. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

29. As set forth above, in violation of 31 U.S.C. § 3729(a)(1)(A), Defendants knowingly and fraudulently confiscated, converted, misappropriated and misdirected for their personal gain and use money issued by the government in the form of SS Checks intended for

the benefit of individuals in the care of Defendants.

30. As set forth above, in violation of 31 U.S.C. § 3729(a)(1)(B), Defendant's also knowingly made, used, or caused to be made or used, false records or statements to wrongfully confiscate, convert, misappropriate and misdirect for their personal gain and use money issued by the government in the form of SS Checks intended for the benefit of individuals in the care of Defendants.

31. To the extent that the facts alleged in this Complaint have been previously disclosed to the public or the government in any fashion, Fernandez as the Relator herein is an "original source" of the information as defined in 31 U.S.C. § 3730(e)(4).

32. The United States government and the public treasury have been damaged by and continue to be damaged by Defendants' fraudulent conduct.

## SECOND CLAIM FOR RELIEF
### (Defendants' Violation of the New York False Claims Act)

33. Relator repeats and realleges the allegations set forth above as if fully set forth herein.

34. This is a claim for treble damages and penalties under the New York False Claims Act. N.Y. State Fin. Law § 187, *et seq.*, as amended.

35. As set forth above, in violation of Fin. Law. § 189(1)(a), Defendants knowingly and fraudulently confiscated, converted, misappropriated and misdirected for their personal gain and use money issued by the government in the form of SS Checks intended for the benefit of individuals in the care of Defendants.

36. As set forth above, in violation of Fin. Law. § 189(1)(b), Defendant's also knowingly made, used, or caused to be made or used, false records or statements to wrongfully confiscate, convert, misappropriate and misdirect for their personal gain and use money issued

by the government in the form of SS Checks intended for the benefit of individuals in the care of Defendants.

37. The State government and the public treasury have been damaged by and continue to be damaged by Defendants' fraudulent conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator Fernandez requests the following relief:

A. That Defendants cease and desist from violating 31 U.S.C. § 3729, *et seq.*;

B. That the Court enter judgment against Defendants in an amount equal to three times the damages suffered by the United States due to Defendants unlawful conduct pursuant to 31 U.S.C. § 3729(a)(1)(G);

C. That the Court enter judgment against Defendants assessing a civil penalty of no less than $5,500 and no more than $11,000 for each violation of 31 U.S.C. § 3729;

D. That Relator receive the maximum award allowed by 31 U.S.C. § 3730(d);

E. That Relator be awarded all costs of this action, including attorneys' fees, costs, and expenses pursuant to 31 U.S.C. § 3730(d);

F. That Defendants cease and desist from violating State Fin. Law § 187, *et seq.*;

G. That the Court enter judgment against Defendants in an amount equal to three times the damages suffered by the State due to Defendants unlawful conduct pursuant to Fin. Law. § 189(1)(g);

H. That the Court enter judgment against Defendants assessing a civil penalty of no less than $6,000 and no more than $12,000 for each violation of Fin. Law § 187;

7

      I.      That Relator receive the maximum award allowed by Fin. Law. § 190(6);

      J.      That Relator be awarded all costs of this action, including attorneys' fees, costs. and expenses pursuant to Fin. Law. § 190(7);

      K.      That the Court award pre and post-judgment interest on any damages awarded to the State or Relator; and

      L.      That the State and Relator be awarded all such other relief that the Court deems just and proper.

Dated: New York, New York
       June 28, 2017

**THE KAPLAN LAW OFFICE**

_/s/ Susan Kaplan_

Susan Kaplan (SRK 1735)
30 Wall Street, 8th Floor
New York, N.Y. 10005
Tel: 347.683.2505
Attorneys for Plaintiff/Relator

# EXHIBIT A

**CARLOS FERNANDEZ**
**92-05 43RD AVENUE**
**ELMHURST, NY 11373**

November 14, 2016

**VIA CERTIFIED MAIL/RRR**
Social Security Fraud Hotline
PO Box 17785
Baltimore, Maryland 21235

          Re:    *Relator's Report of Social Security Fraud*
                  *Qui Tam Action/31 U.S.C. § 3730 (e)(4)*

To Whom It May Concern:

    I am writing to report that the following entities have committed social security fraud:

HOFGUR LLC d/b/a QUEENS ADULT CARE CENTER ("QACC"), upon information and belief, is a New York corporation with a principal business office located at 80-08 45th Avenue, Elmhurst, New York 11373. The chief administrator of QACC is Mr. Leon Hofman.

GEFEN SENIOR CARE GROUP ("Gefen"), a parent entity to QACC, upon information and belief, is an unincorporated New York business entity with a principal place of business located at 2830 Pitkin Boulevard, Brooklyn, New York 11208.

    I am an individual who has direct and independent knowledge of the information on which the allegations are based because I was employed as a janitor for QACC from on or about January of 2010 until on or about September 20, 2015 and directly witnessed the following events:

    During my employment, Mr. Helmer Sanchez, my supervisor, asked employees, usually new workers, to sign certain documents. Me and another employee, Mr. Rafael Torivio, who does not speak English (I speak English as a second language) signed such documents in early 2010. We were asked to sign documents using other persons' names. The names we were using were of residents at QACC. These residents usually were drug addicts and/or had mental illnesses. Also, these residents had no family or friends who visited them or otherwise looked after them.

    The documents were authorizations or receipts for Social Security checks indicating that the checks had been delivered to them. However, the checks were not being delivered to the residents; instead the money was shared among Mr. George Yutsovich, QACC's Food Service Manager, Mr. Michael Yunger, QACC's HCS Coordinator/Offices Manager, and Mr. Sanchez. Arena, who worked in the QACC's finance office until June 2015, and Isabel who replaced her, were also part of the scam. If the residents complained about not receiving their checks, Arena

1

or Isabel would show them the signed form with the fraudulent signatures indicating that they already signed for and received their checks. This fraud was committed weekly against at least 20 residents at a time.

Another form of fraud or misuse of the residents' Social Security checks was in the form of unlawful usury. Mr. George Yutsovich engaged two QACC employees, a handyman and a kitchen worker both from Guayana. These employees would lend money to residents and make a list of the loans, which Mr. Yutsovich submitted to Arena or Isabel. When the residents' Social Security checks would arrive, Arena or Isabel would deduct the loan plus 100% interest from the residents' Social Security payment. I witnessed these QACC employees making these loans on numerous occasions, and on or about October 2011, I asked around 3 residents whether they paid 100% interest for these loans from their Social Security checks, and they confirmed to me that they did.

In intend to file a qui tam action against QACC and Gefen based on these allegations by early 2017. If you have any questions, please contact me through my attorney, c/o Susan Kaplan at 30 Wall St., New York, NY 10005, skaplan@lawkaplan.com, 347.683.2505. Thank you.

Sincerely,

Carlos Fernandez

2

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X SOCIAL SECURITY ADMINISTRATION  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>BALTIMORE, MD 21235  NOV 18 2015 |
| 1. Article Addressed to:<br>Social Security Fraud Hotline<br>PO Box 17785<br>Baltimore Maryland 21235 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9403 0137 5077 7340 87 | 3. Service Type<br>☐ Adult Signature  ☐ Priority Mail Express®<br>☐ Adult Signature Restricted Delivery  ☐ Registered Mail™<br>☐ Certified Mail®  ☐ Registered Mail Restricted Delivery<br>☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation™<br>☐ Insured Mail  ☐ Signature Confirmation Restricted Delivery<br>☐ Insured Mail Restricted Delivery (over $500) |
| 2. Article Number (Transfer from service label) | |

PS Form 3811, April 2015 PSN 7530-02-000-9053         Domestic Return Receipt